IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIS MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>LATOYA HUGHES, JOHN/JANE DOE WARDEN, JOHN/JANE DOE GRIEVANCE OFFICER, JOHN/JANE DOE COUNSELOR, LIEUTENANT JOHNSON, CHRISTOPHER GARCIA, JOHN/JANE DOE LIEUTENANT, JOHN/JANE DOE SERGEANT, and JOHN/JANE DOE CORRECTIONAL OFFICER,<br><br>    Defendants. | Case No. 24-cv-1738-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Willis Mitchell, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Mitchell's Complaint (Doc. 1), alleging that he was issued a disciplinary ticket that was later expunged, was dismissed without prejudice for failure to state a claim (Doc. 9). Mitchell was granted leave to file an Amended Complaint. His Amended Complaint (Doc. 10) was also dismissed without prejudice for again failing to allege a viable claim related to his disciplinary ticket, and he was granted leave to file an amended pleading (Doc. 14). Mitchell has now filed a Second Amended Complaint (Doc. 18).

1

The case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Second Amended Complaint**

On March 26, 2024, an unknown correctional officer called to Mitchell (Doc. 18, p. 4). When Mitchell approached his opened cell door, the correctional officer pulled Mitchell out of his cell where three more correctional officers were waiting (*Id.*). The officer slammed Mitchell against the wall and placed him in cuffs (*Id.*). The three unknown correctional officers punched Mitchell in his side three times (*Id.*). The officers then escorted Mitchell to segregation and placed him in a shower (*Id.*). Mitchell alleges that he complied with all of their orders, and they left. As they were leaving, Mitchell noted that the four officers consisted of two correctional officers, one sergeant, and one lieutenant.

Segregation correctional officers then escorted Mitchell to his cell. Mitchell noticed that the cell was cold because of a broken window (Doc. 18, p. 4). He also noted bugs in the cell and feces on the mattress and walls (*Id.*). He told the segregation officers about the conditions. He placed his hands through the chuckhole for his cuffs to be removed and felt a sharp pain (*Id.*). After his cuffs were removed, he noted that he had a deep cut on each wrist (*Id.*). He informed the correctional officers of his injuries, but they ignored

him (*Id.*). Mitchell moved his mattress and saw bugs crawl out of it (*Id.* at p. 5). He tried pressing the hot water to clean his hands and learned the hot water did not work (*Id.*). He remained in the cell for 14 days (*Id.*).

Mitchell filed a grievance about his placement in segregation and the disciplinary ticket he was issued for fighting (Doc. 18, p. 5). He was not able to have witnesses called or even have a hearing. He received a summary of the charges from Lieutenant Johnson and Christopher Garcia, but he never spoke to them (*Id.*). His grievance was denied by the counselor, grievance officer, warden, and the Administrative Review Board (*Id.*).

## **Preliminary Dismissals**

To the extent Mitchell once again seeks to raise a claim regarding his disciplinary ticket, he again fails to state a claim. Mitchell notes that Lieutenant Johnson and Christopher Garcia found him guilty of fighting without speaking to Mitchell or allowing him to call witnesses. While these allegations could amount to a due process violation, an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A short stay in segregation, by itself, does not typically amount to an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 761-62 (7th Cir. 1997) (two months not enough on its own); *Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (noting that 30 days is not enough). Although in previous pleadings Mitchell suggested that he remained in his cell for four months (Doc. 14, p. 3), in his Second Amended Complaint Mitchell indicates that he was

3

housed in the cell for 14 days. Although Mitchell notes that the cell was infested with bugs, dirty, lacked hot water, and had a broken window, the extremely short stay does not amount to an atypical and significant hardship. *See McCoy v. Atherton*, 818 F. App'x 538, 541-42 (7th Cir. 2020) (three months in a dirty cell without cleaning supplies and near potentially violent inmates not enough to state a claim); *Obriecht v. Raemisch*, 565 F. App'x 535, 540 (7th Cir. 2014) (78 days in "deplorable conditions" did not implicate a liberty interest). Thus, Mitchell once again fails to state a due process claim.

To the extent that Mitchell seeks to allege a conditions of confinement claim for the state of his segregation cell, Mitchell also fails to state a claim. Although he alleges that his cell was dirty, littered with bugs, and lacked hot water, he fails to identify a specific correctional officer to whom he spoke. He merely alleges that he told the correctional officers in segregation. These claims are too generic to survive threshold review as Mitchell does not describe the individuals in segregation whom he spoke to or even state the number of them.

Further, to the extent Mitchell sues officials who reviewed and denied his grievances, he fails to state a claim. He alleges that the warden, grievance officer, counselor, and Latoya Hughes denied his grievance about his disciplinary ticket. But the alleged denial or mishandling of a grievance does not state a claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, any claim against the grievance officials is **DENIED without prejudice**.

## Discussion

Based on the allegations in the Second Amended Complaint, the Court designates a single count:

**Count 1:** **Eighth Amendment excessive force claim against John Doe #1 Correctional Officer, John Doe #2 Correctional Officer, John Doe Sergeant, and John Doe Lieutenant for punching Mitchell and placing him in tight handcuffs on March 26, 2024.**[1]

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Mitchell states a viable claim against the correctional officers, sergeant, and lieutenant who removed him from his cell on March 26, 2024, and punched him. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In order to help identify the John Doe Defendants, the Court **ADDS** Darren Galloway, in his official capacity as warden of Shawnee Correctional Center, to the case solely for the purpose of responding to discovery aimed at identifying the unknown defendants. Once Galloway has entered

---

[1] Although Mitchell merely refers to two unknown correctional officers, the Court has identified them as John Doe #1 and John Doe #2 for clarity purposes.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

his appearance, the Court will enter a scheduling order describing next steps for identifying the John Does.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #1 Correctional Officer, John Doe #2 Correctional Office, John Doe Sergeant, and John Doe Lieutenant. Darren Galloway is **ADDED** to the case, in his official capacity only, for the sole purpose of responding to discovery regarding the unknown defendants.

The Clerk of Court shall prepare for Defendant Darren Galloway (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to Galloway's place of employment as identified by Mitchell. If Galloway fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Galloway can no longer be found at the work address provided by Mitchell, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**. Because Galloway is only in the case for identifying the John Does, he only needs to file his notice of entry of appearance.

If judgment is rendered against Mitchell, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Mitchell is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 24, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Second Amended Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**