IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIS MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE #1 CORRECTIONAL OFFICER, JOHN DOE #2 CORRECTIONAL OFFICER, JOHN DOE SERGEANT, JOHN DOE LIEUTENANT, and DARREN GALLOWAY,<br><br>    Defendants. | Case No. 24-cv-1738-NJR |

## ORDER OF DISMISSAL

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. Plaintiff Willis Mitchell brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for excessive force.

At the time Mitchell filed his Complaint he was an inmate in the Illinois Department of Corrections ("IDOC") incarcerated at Shawnee Correctional Center. After a review of his claims pursuant to 28 U.S.C. § 1915A, Mitchell was allowed to proceed against several John Doe Defendants (Doc. 19). Warden Darren Galloway was added to the case, in his official capacity, to respond to discovery aimed at identifying the unknown defendants (*Id*. at p. 5).

On July 7, 2025, the Court entered a scheduling order setting deadlines for discovery related to the unknown defendants (Doc. 25). Mitchell was directed to file a

1

notice with the Court providing any information he possessed about the unknown defendants (*Id*. at p. 2). The deadline for filing the notice was July 31, 2025 (*Id*.). Warden Galloway was then to respond to that notice with the identities of the unknown defendants or any documents that might assist in identifying them (*Id*.). Mitchell's deadline for filing a motion to substitute was September 2, 2025 (*Id*.). As of this date, Mitchell has neither complied with the original deadline to file a notice with identifying information nor filed a motion to substitute. In reviewing Mitchell's current status within IDOC, it appears that Willis Mitchell was paroled from IDOC custody on August 22, 2025. The website indicates that he has absconded on parole, and his current whereabouts are unknown. *See* IDOC Inmate in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Sept. 30, 2025).

Mitchell was previously warned that his failure to comply with the John Doe scheduling order and discovery deadlines would result in the dismissal of the John Doe Defendants and the case as a whole for failure to prosecute. FED. R. CIV. P. 41(b). He was also previously advised that he was under a continuing obligation to keep the Court informed of any change in his address (Doc. 19). He was warned that he was to inform the Court of address changes no later than 14 days after a change in address occurred and that failure to comply with the directive could result in the dismissal of his case for want of prosecution (*Id*.). Mitchell has failed to comply with either Order. Indeed, he has failed to file anything with the Court.

The Court will not allow this matter to linger. Accordingly, this entire action is **DISMISSED with prejudice** based on Mitchell's failure to respond to the Court's Orders

and failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Mitchell wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Mitchell does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 30, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**